# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-40053
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

August 31, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

TERESA PEREZ-HERNANDEZ,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:14-CR-764

Before KING, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:*

Teresa Perez-Hernandez (Perez) appeals her 46-month sentence of imprisonment imposed following her guilty plea conviction for being found unlawfully present in the United States following deportation after her conviction for an aggravated felony. She argues that the district court erred in denying her motion for a downward departure based on an overrepresentation of the seriousness of her criminal history. The record does not reflect that the

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-40053

district court acted under a mistaken belief that it lacked the discretion to depart downward.  Therefore, this court lacks jurisdiction to review the district court's denial of Perez's motion for a downward departure.  *See United States v. Rodriguez-Montelongo*, 263 F.3d 429, 431 (5th Cir. 2001).

Perez challenges the reasonableness of her sentence.  However, she did not specifically object to the sentence as being substantively unreasonable, and, thus, this argument may be subject to plain error review.  *See Puckett v. United States*, 556 U.S. 129, 135 (2009).  Nevertheless, the reasonableness of Perez's sentence may be affirmed under either an abuse of discretion or a plain error standard of review.  *See United States v. Rodriguez*, 523 F.3d 519, 525 (5th Cir. 2008).

Perez argues that in its analysis of the 18 U.S.C. § 3553(a) factors, the district court should have considered the lack of empirical studies to support the application of U.S.S.G. § 2L1.2.  This court has rejected such an argument.  *See United States v. Campos-Maldonado*, 531 F.3d 337, 338 (5th Cir. 2008); *United States v. Duarte*, 569 F.3d 528, 529-31 (5th Cir. 2009).

Further, Perez argues that the district court erred in denying her motion for a downward variance and imposed an unreasonable sentence because it failed to consider her youth at the time of her prior drug-trafficking conviction or her benign motives for illegally returning to the United States.  The district court considered the parties' arguments and made an individualized assessment of all the relevant § 3553(a) factors.  *See Gall v. United States*, 552 U.S. 38, 49-50 (2007).  Perez's self-serving assertions of mitigating circumstances were insufficient to rebut the presumption of reasonableness afforded to her bottom-of-the-guidelines sentence.  *See United States v. Gomez-Herrera*, 523 F.3d 554, 565-66 (5th Cir. 2008).  Perez failed to show that her 47-month sentence constituted clear or obvious error or was substantively

unreasonable.  *See Puckett,* 556 U.S. at 135; *Campos-Maldonad*o, 531 F.3d at 338.  Additionally, the sentence was reasonable based on the totality of the circumstances and, therefore, the district court did not err in denying the downward variance.  *See United States v. Brantley,* 537 F.3d 347, 349-50 (5th Cir. 2008).

The sentence is AFFIRMED.